## FREE AND ACCEPTED MASONS OF TEXAS v. BROWN.   (No. 3563.)

Court of Civil Appeals of Texas.   Texarkana.
June 27, 1928.

Rehearing Denied July 5, 1928.

Arnold & Arnold, of Texarkana, Ark., and Slay, Simon & Smith, of Fort Worth, for appellant.

Wm. V. Brown, of Texarkana, Tex., for appellee.

HODGES, J. This suit was filed by the appellee to collect relief benefits amounting to $481, which it is claimed were due from the appellant on the death of E. M. Kindrick, a former member. Kindrick died March 28, 1927; and it is alleged that he was at the time of his death a member in good standing of the local lodge and of the Grand Lodge of Free and Accepted Masons of Texas. This appeal is from an instructed verdict against the appellant for the full amount sued for.

The evidence shows that Kindrick was a member of the local Masonic Lodge in Texarkana, Tex., in 1926; and it is conceded that his beneficiary is entitled to recover in this suit, unless Kindrick was in bad financial standing at the time of his death. The determination of that question is controlled by the construction that should be placed upon certain provisions of the appellant's constitution. That entire instrument was introduced in evidence. To quote the numerous provisions bearing upon the question before us would unnecessarily incumber this opinion with details of no general importance. The constitution provides, in substance, that each member shall annually pay what are called "relief dues" amounting to $10. Those dues are payable to the secretary of the local lodge on or before May 15 of each year. It is further provided, however, that such dues may be paid in two installments; one on or before September 10, and the other on or before December 10. If a member fails to pay the first installment of $5 on or before the 10th of September, he shall be dropped from the roll of his lodge, and on the next day shall be notified by the secretary that he has been dropped. In that connection it is further provided:

"In case the Worshipful Master of the lodge fails, refuses or neglects to drop from the roll the said member who failed to pay the first installment of $5.00 for relief and notify him the next day of his being dropped; or if he or the lodge fails to notify the Grand Secretary on or before September 15 that the said member has been dropped from the roll; then in that case the lodge shall be required to send to the General Secretary and be held responsible to · pay the first installment of $5.00 for relief and Grand Lodge dues for the said member on or before September 15 of each and every Masonic year."

Identically the same proceedings are required if the second installment is not paid on or before December 10. The secretary of the local lodge was called by the appellant and testified, in substance, that Kindrick had been a member of the local lodge in Texarkana, Tex.; that he had failed to pay his Grand Lodge dues on or before September 10, 1926, but the lodge paid those dues for him. He failed, however, to pay his dues on December 10, 1926; and in making out his report witness, as secretary, dropped Kindrick from the roll. He was supposed in that report to send the names of those dropped from the roll, and accordingly he so reported Kindrick. He further testified that Kindrick had been dropped by order of the Worshipful Master, but that he had failed to notify Kindrick as required by the constitution. His reason for not notifying him was that he did not know where Kindrick was.

Other portions of the constitution provide that unless the deceased member's name is on the roll of the Grand Lodge at the time of

his death, his beneficiary shall not be entitled to share in the relief fund. That requirement is apparently demanded, although the local secretary wrongfully failed to incorporate the member's name in the report to the Grand Secretary.

The payment of Kindrick's dues by the lodge for September was for the benefit of Kindrick and kept him in good standing until December 10 following. When the December installment became due, Kindrick still had not been notified of his delinquency, and under the constitution the local lodge was required to pay that installment also. The question then is: Did the failure of the lodge to make that payment and the wrongful dropping of Kindrick's name from the roll affect the latter's financial standing with the Grand Lodge? Undoubtedly that failure resulted in omitting Kindrick's name from the December roll, and the omission continued to the time of his death. The prompt notification of a member that his name has been dropped from the roll, and that his beneficiary will not be entitled to any relief benefits, was evidently intended to enable the member to reinstate himself, if he so desired. Doubtless that is why the failure to give notice the next day imposed upon the local lodge the duty of paying the installment for the delinquent member.

The constitution further provides, in substance, that in no instance shall the local lodge be considered the agent of the Grand Lodge, nor shall the Grand Lodge be responsible for the failure of the local lodge to transmit dues collected from its members. Such provisions of the organic laws of benefit associations have been repeatedly condemned and repudiated by the courts. Maccabees v. Johnson (Tex. Civ. App.) 273 S. W. 612; Calhoun v. Maccabees (Tex. Com. App.) 241 S. W. 101; Supreme Lodge, K. of P., v. Withers, 177 U. S. 260, 20 S. Ct. 611, 44 L. Ed. 762. Here the local secretary is designated as the only person authorized to collect Grand Lodge dues from members. He is the only person authorized to transmit those dues to the Grand Lodge. He is the man authorized to notify delinquent members that they had been dropped from the roll. When he fails in the latter duty, it becomes the obligation of the lodge to pay the dues for the defaulting member, and the secretary is required to report the name on the roll. In this instance Kindrick's name was as much entitled to a place on the roll of the Grand Lodge as if he had paid the December dues himself. The fact that the lodge failed to do what the constitution had made its imperative duty is no reason why Kindrick's beneficiary should be charged with that delinquency. The local secretary was the agent of the Grand Lodge to make up and furnish the data from which the roll of the Grand Lodge was compiled.

Had the secretary done his duty, Kindrick's name would have been on the Grand Lodge roll at the time of his death, and the right of his beneficiary would have been affirmatively disclosed.

The judgment will be affirmed.