## GRAND LODGE F. & A. M. OF TEXAS v. HARRIS. (No. 7344.)

Court of Civil Appeals of Texas. Austin. April 24, 1929.

Slay, Simon & Shannon, of Fort Worth, for appellant.

J. L. Turner, of Dallas, for appellee.

McCLENDON, C. J. Mary Harris sued the Grand Lodge Free and Accepted Masons of Texas, an incorporated fraternal benefit society, for $481.30, the alleged amount of relief fund benefits due her upon the death April 3, 1927, of her husband, Henry Harris, by reason of his membership in "Square Deal Lodge No. 449," a subordinate body of defendant.

The only defense was that Henry Harris became "unfinancial" within the meaning of the laws of defendant by reason of nonpayment of $5 relief fund dues payable December 10, 1926, and as a consequence his name had been dropped from the rolls of the grand lodge. The jury found in answer to special issues that Henry Harris paid said relief fund dues before December 10, 1926, to the worshipful master of Square Deal Lodge; and that he did not pay such dues to the secretary of said local lodge. Upon these findings the judgment was for plaintiff, and defendant has appealed.

Two questions are presented by the appeal: (1) Whether the worshipful master of the local lodge was the agent of the grand lodge in the matter of collecting the dues; and (2) whether the admission in evidence of certain statements of the worshipful master with reference to such payment and the "financial" standing of Henry Harris at the time of his death constituted reversible error.

The following provisions of the grand lodge constitution control, we think, the question of the worshipful master's agency in the particular involved:

From article VI, § 5: "In case the Worshipful Master or the Lodge fails, refuses or neglects to drop from the roll the said brother who failed to pay the second installment of $5.00 Relief and notify him the next day of his being dropped or if he or the Lodge fails to notify the Grand Secretary on or before December 15th that the said brother has been dropped from the roll; then in that case the Lodge shall be required to send to the Grand Secretary and be held responsible to pay the second installment of $5.00 Relief and Grand Lodge dues for the said brother on or before December 15th of each and every Masonic year."

From article VI, § 9: "All Lodges or Masters and Secretaries found guilty of holding in their possession, and failing to send the same to the Grand Secretary the Relief and