## SWEATMAN v. FREE AND ACCEPTED MASONS OF TEXAS.

### No. 12373.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 1, 1930.

Rehearing Denied Nov. 29, 1930.

529

C. B. Ambrose, of Fort Worth, for appellant.

Mike E. Smith and John O. Ragan, both of Fort Worth, for appellee.

BUCK, J.

In this case the wife of H. B. Sweatman, Beathel Sweatman, sued the Grand Lodge of Free and Accepted Masons of Texas, a negro organization, for the death benefit which it was alleged the Grand Lodge owed to her upon the death of said Sweatman; it being alleged that he had paid his dues to the relief association, which said order conducted for its members.

The evidence shows that Sid Graham was the secretary of the local lodge, and that said secretary received the dues owing by the members of Rescue Lodge No. 20 and remitted them to the Grand Secretary, W. M. McDonald. That during the year 1925, said Sweatman went to see said Graham and told him he wanted to be reinstated in the lodge; that he had at one time been a member of the lodge. Other evidence shows that he had been a member twenty years prior to this conversation and had been suspended for nonpayment of dues. Graham told him that it would cost him $20 for reinstatement, and he said, "All right," and gave Graham $10, and Graham gave him a receipt for said amount. Graham told him further that he would have to get a doctor's certificate and that he could come back with the doctor's certificate and the other $10, and Sweatman promised him that he would do so. Graham further told him that he would make out a certificate for membership and would give him a blank application for membership or for reinstatement, and he made this out and gave it to Sweatman. He signed the names of the Grand Master, T. Holloway, and two other officers of the lodge to the certificate. He admitted that he had no authority to sign their names and they testified that he had no authority. Sweatman told him that he wanted to go out of the state and wanted the certificate, and Graham prepared it and signed his name and the names of the other officers of the lodge to it. Sweatman never gave any written application for membership in the lodge, and the lodge never considered any application and never voted on it. Graham testified that the $10 was kept in the treasury of the lodge and any one who had authority to receive it could get it upon application.

Beathel Sweatman, the widow of H. B. Sweatman, testified that her husband died on the 13th day of August, 1925; that at the time of his death they had never been divorced, but that they lived separately, he in Fort Worth and she in Dallas; her grown sons lived with her. That sometimes he would come over to see them, and would stay at the house and they would cohabit together; that she talked to Sid Graham, secretary of the local lodge, and he told her that Sweatman was in good standing at the time of his death, and that as soon as the Grand Secretary came into town, they would send a check for the funeral expenses. Sweatman was buried at Hillsboro, and apparently the Hillsboro lodge held the funeral services at the grave. There were some members of the Rescue Lodge, Fort Worth, that went down to Hillsboro to attend the funeral, but apparently they did not have anything to do with the burial services.

Section 13, article 7, of the constitution of the Grand Lodge provides that:

"No local lodge or its officers shall ever be recognized as an agent of the Most Worshipful Grand Lodge Free & Accepted Masons of Texas, but all lodges are separate and independent of the Grand Lodge in control of all its financial affairs affecting its membership with privilege to be represented in the relief funds of the Grand Lodge and draw such benefits for its members as may be allowed in accord with the constitution of the Grand Lodge. The only agents of the Grand Lodge are the elective, appointive and duly commissioned Grand Officers elected by the Grand Lodge or appointed and commissioned by the Grand Lodge or the Grand Master."

Section 15 of article 6 of the constitution provides that:

"All Master Masons who fail, or refuse or neglect to pay each installment of relief and Grand Lodge dues or other assessments charged against him on both the books of the Grand Lodge and his lodge as are set forth in the foregoing sections of Art. VI. It shall be the duty of the Grand Secretary and he is hereby vested with full power and authority to erase the name of all such Master Masons from the roll of the Grand Lodge, and in case of death, the beneficiary of such Master Mason so dropped from the Grand Lodge roll shall not be entitled to draw or receive relief benefits from either the Grand Lodge or his local lodge."

Section 115 of article 13 of the constitution provides that:

"The vote for the reinstatement of a Brother suspended, may be taken by a show of

530

hands, a unanimous vote of the members of the lodge present and voting shall be necessary for reinstatement."

Section 116: "If demanded by the brothers, the vote for reinstatement shall be taken by written ballot, using the words 'yes' and 'no.'"

## Opinion.

It is urged under the first assignment of error that a provision in the constitution of the Grand Lodge that no local lodge or its officers shall ever be recognized as an agent of the Grand Lodge is void as a matter of law, and could not be a defense to appellant's suit. That the trial court erred in overruling appellant's exception to the introduction of this testimony. Appellant cites, in support of this ruling, Free and Accepted Masons v. Brown (Tex. Civ. App.) 9 S.W.(2d) 364; Grand Lodge Free and Accepted Masons v. Harris (Tex. Civ. App.) 17 S.W.(2d) 96; Calhoun v. The Maccabees, 241 S. W. 101, by the Commission of Appeals and approved by the Supreme Court. These cases hold that a provision in the constitution of a fraternal order that in no instance shall the local lodge be considered the agent of the Grand Lodge, nor shall the Grand Lodge be responsible for the failure of the local lodge to transmit dues collected from its members, is null and void, citing the Maccabees v. Johnson (Tex. Civ. App.) 273 S. W. 612; Supreme Lodge, K. of P., v. Withers, 177 U. S. 260, 20 S. Ct. 611, 44 L. Ed. 762.

But in this case the uncontradicted testimony of Sid Graham and other witnesses was that Sweatman had applied to Graham for reinstatement and was told that the reinstatement fee was $20, and Sweatman gave Graham $10 to apply on the fee, and agreed to pay the remaining $10, and then Graham issued this certificate, signing his name and the names of the other officials to the certificate. Graham told him that he would have to pay the other $10 and furnish a doctor's certificate. Therefore, Sweatman was not misled to his damage by the fact that Graham signed his name and the names of the other members of the local lodge to the certificate certifying that Sweatman was a member in good standing. Nor could appellant here, the widow of Sweatman, have any right superior to that of her deceased husband. She stands in his shoes in so far as her suit for this benefit is concerned.

The case was tried before a jury upon this one issue:

"Was H. B. Sweatman at the time of his death a member in good standing of the defendant organization, Free & Accepted Masons of Texas?" To which the jury answered, "No."

If Sweatman was not a member in good standing at the time of his death, we do not think that the Grand Lodge would be responsible for the acts of the subordinate lodge officer in giving to Sweatman this certificate, to the effect that he was a member in good standing in the subordinate lodge. While a Grand Lodge is responsible for the acts of its agents, performed under the apparent authority of the Grand Lodge and under the instructions and rules and regulations of the Grand Lodge, yet they would not be responsible for an act done contrary to and without reference to the provisions of the constitution of the Grand Lodge and the provisions of the contract and of the law. See Brownwood Benev. Ass'n v. Maness (Tex. Civ. App.) 30 S.W.(2d) 1114. We think that the court did not err in rendering judgment for appellee, and the judgment is affirmed.