## GRAND UNITED ORDER OF ODD FEL-LOWS OF TEXAS v. WHITE.
### No. 3105.

Court of Civil Appeals of Texas. El Paso.
Jan. 10, 1935.

Rehearing Denied Jan. 31, 1935.

Mason & Mason, of Dallas, for appellant.

H. C. Ford and B. W. Ashworth, both of Dallas, for appellee.

WALTHALL, Justice.

In the year 1910, appellant, Grand United Order of Odd Fellows, issued to Anderson White a beneficiary certificate of life insurance upon his life. White's wife, Hattie White, was made the beneficiary in the beneficiary certificate. The amount of insurance payable to the beneficiary was $500. Anderson White died on the 17th day of February, 1933. This suit was brought by appellee, Hattie White, against appellant to recover on the beneficiary certificate. The suit was brought April 15, 1933, to recover on the policy contract in the sum of $500, $75 funeral or burial benefit, $60 penalty, attorney fee, interest, and costs of suit.

Appellant answered by general demurrer and special exceptions, not passed upon by the court, general denial of any indebtedness to appellee under the policy on the ground stated, that at the time of the death of Anderson White he was not a member of the order in good standing, having permitted his policy to lapse for nonpayment of dues; denied that White, before his death, and for some two years previous thereto, was sick, and alleged that he was able to perform the duties of his trade without physical restraint; denied that the appellant lodge had waived the payment of premiums due from White, and alleged that it had required the tender and payment of dues and assessments.

Appellee answering denied that White had failed to pay dues and assessments, and alleged that White was not in arrears at the time he became sick and unable to work; that under the laws of the order the local lodge was bound to pay White's dues after he became ill and unable to work.

The court refused to instruct a verdict in appellant's favor, and submitted the case to the jury on special issues.

On the issues submitted the jury found from a preponderance of the evidence: On or before January 1, 1931, Anderson White became sick and unable to attend to his duties and follow his usual vocation, and was under the care of a reputable physician; that such condition of sickness continued without interruption until the day of his death; that the vice grand or chairman of the sick committee of the lodge was notified of White's sickness on or prior to January 1, 1931; the reasonable value of the services of appellee's attorney in connection with the case is $200; that some of the officers of the lodge had notice of White's illness prior to January 1, 1931.

On the verdict of the jury the trial court entered judgment for appellee and against appellant for the aggregate sum of $857.50,

itemized the said amount as $500, the face of the policy, $60 penalty, $75 burial benefit, $200 attorney fee, and $22.50 legal interest from the date of appellant's denial of liability, and interest on the amount of the judgment.

From the judgment, appellant prosecutes this appeal.

### Opinion.

Appellant complains of error in admitting in evidence over objection the rule and financial local lodge book. The objection to its introduction in evidence is on the ground that the rule or financial book is no part of the original policy contract between White and the insurer lodge. The record shows that in introducing the book the attorney for appellee announced: "I will offer this document in evidence."

The record does not show that the book was offered as a part of the original policy contract, nor the purpose for which it was offered.

The financial or rule book put in evidence shows to be a small pamphlet put out by the local lodge and not by appellant. It contains rules, regulations, and provisions governing the local lodge in which White previously had membership. Among the rules, regulations, and provisions governing the local order the book contains the following:

"Seventh: Sick brothers, any member who is sick and unable to attend to his duties or follow his usual vocation, and who is under the care of a reputable physician, shall receive the sum of $3.50 per week as sick benefit from the Lodge each full week—week to start from the time Vice-Grand is notified and makes his first visit. It is further provided in the event the Vice-Grand does not discharge his duty as Vice Grand, that he shall be subject to a fine of $2.00.

"Eighth: No member will be entitled to, nor be paid sick benefits for more than four successive weeks' sickness.

"Ninth: After four successive weeks' sickness and a member is still sick and under the care of a reputable practicing physician, he shall be exempted from paying monthly dues while sick, and all financial obligations due the Grand Lodge or the Endowment Department by such sick member shall be paid from the General Funds of our Lodge.

"Tenth: All members who are sick for four successive weeks as per section No. 7, No. 8 and No. 9, will not be entitled to sick benefits until after the expiration of six months from their last sickness, after which time they will be entitled to the benefits of Section No. 7, of the Rules and Provisions hereinbefore stated."

Appellant submits that the above local lodge by-laws relate solely to the governing of the local lodge in the Dallas district and have nothing to do with the grand lodge or endowment corporation; that the local lodge by-laws form no part of the contract policy, and should not have been admitted as such. In view of the ninth paragraph above quoted, we think it may not be said that the by-laws have nothing to do with the endowment corporation, and that they form no part of the contract policy. The pertinent question, however, remains, Whether the appellee is responsible to White for the failure of the local lodge to transmit to appellee dues for which it is responsible under the by-laws? By the ninth paragraph of the local lodge quoted above, White was exempt from paying monthly dues while sick and all financial obligations due the grand lodge or the endowment department by White shall be paid from the general fund of the local lodge. The finding of the jury under the evidence is sufficient, we think, to show the application of the above ninth paragraph of the by-law of the local lodge. Under the authorities, as we construe them, the grand lodge and the endowment department are responsible to appellee for the failure of the local lodge to transmit dues collected from its members, or, as here, dues for which the local lodge has assumed to collect and pay out of its funds for a sick member. The Maccabees v. Johnson (Tex. Civ. App.) 273 S. W. 612; Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101; Supreme Lodge, K. of P. v. Withers, 177 U. S. 260, 20 S. Ct. 611, 44 L. Ed. 762.

In Free and Accepted Masons of Texas v. Brown (Tex. Civ. App.) 9 S.W.(2d) 364, 365 (writ refused), the Texarkana court, in that case, said: "The constitution further provides, in substance, that in no instance shall the local lodge be considered the agent of the Grand Lodge, nor shall the Grand Lodge be responsible for the failure of the local lodge to transmit dues collected from its members. Such provisions of the organic laws of benefit associations have been repeatedly condemned and repudiated by the courts." (And referred to the above cited cases.) (Proceeding the court said)—"Here the local secretary is designated as the only person authorized to collect Grand Lodge dues from members. He is the only person authorized to transmit those dues to the Grand Lodge. He is the man authorized to notify delinquent mem-

bers that they had been dropped from the roll. When he fails in the latter duty, it becomes the obligation of the lodge to pay the dues for the defaulting member, and the secretary is required to report the name on the roll. * * * The local secretary was the agent of the Grand Lodge to make up and furnish the data from which the roll of the Grand Lodge was compiled."

Under the above authorities and the finding of the jury on the fact issues submitted the proposition is overruled.

Without discussing other propositions at length, we have carefully considered them, and have concluded they should be overruled, and it is so ordered.

The case is affirmed.